IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| TRINITY HEALTH-MICHIGAN, d/b/a MERCY HEALTH ST. MARY'S, | ) ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religious discrimination and to provide appropriate relief to Christopher Simmons. As alleged with greater particularity in paragraphs 12 through 15 below, the Commission alleges that Defendant, Trinity Health-Michigan, doing business as Mercy Health St. Mary's, violated Title VII of the Civil Rights Act by failing to provide Simmons with an accommodation for

his known religious beliefs and instead rescinded an offer of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant, Trinity Health-Michigan, doing business as Mercy Health St. Mary's ("Defendant Employer"), has continuously been doing business in the State of Michigan and the City of Grand Rapids and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Christopher Simmons filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On May 13, 2021, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communication with Defendant Employer to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On August 24, 2021, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. In November 2019, Defendant Employer engaged in unlawful employment practices at its Grand Rapids, Michigan, facility in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), by denying Christopher Simmons a religious exemption from its mandatory, flu-vaccine policy, which would have accommodated his religious beliefs.

13. On or about October 28, 2019, Defendant offered Simmons a

job as a business office coordinator which was contingent upon completing a pre-employment physical examination and taking a flu shot.

14. On or about November 7, 2019, Simmons was in the process of completing his pre-employment physical examination when he was informed he had to take a flu vaccine. He informed Defendant he was not willing to take the flu vaccine due to his religious beliefs and the examination was stopped. On or about November 14, 2019, Simmons submitted an application for a religious exemption from Defendant's mandatory, flu-vaccine policy. In his application, Simmons specified that he wanted a religious exemption from the vaccine and he gave information supporting his request.

15. An exemption from the flu-vaccine policy was available to accommodate Simmons. However, Defendant denied Simmons's application for such exemption because it determined that his religious beliefs, as articulated in his application, were insufficient. Defendant did not specify to Simmons how his application was deficient, or give him an opportunity to supplement his application to address any perceived deficiencies. Instead, Defendant informed him that his

application had been denied and that he had to take the vaccine. When Simmons did not comply, on or about November 26, 2019, Defendant rescinded the job offer.

16. The unlawful employment practices complained of in paragraphs 12 through 15 above were intentional.

17. The unlawful employment practices complained of in paragraphs 12 through 15 above were done with reckless indifference to the federally protected rights of Simmons.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from arbitrarily failing to grant a religious exemption to its mandatory, flu-vaccine policy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Christopher Simmons by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or instatement to an appropriate position.

D.      Order Defendant Employer to make whole Christopher Simmons by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 15 above, including job search expenses and loss of benefits, in amounts to be determined at trial.

E.      Order Defendant Employer to to make whole Christopher Simmons by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 through 15 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Christopher Simmons punitive damages for its malicious and reckless conduct, as described in paragraphs 12 through 15 above, in amounts to be determined at trial.

G.   Grant such other relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                    EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION

                                    GWENDOLYN YOUNG REAMS
                                    Acting General Counsel

                                    KENNETH L. BIRD
                                    Regional Attorney

                                    OMAR WEAVER
                                    Supervisory Trial Attorney

Dated: April 28, 2023                     s/ Dale R. Price
                                    DALE R. PRICE (P55578)
                                    Senior Trial Attorney
                                    DETROIT FIELD OFFICE
                                    Patrick V. McNamara Federal
                                    477 Michigan Ave, Room 865

        Detroit, Michigan 48226
        (313) 774-0028
        dale.price@eeoc.gov