# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

TRINITY HEALTH-MICHIGAN, d/b/a
MERCY HEALTH ST. MARY'S,

    Defendant.

Case No.: 1:23-CV-00435

HON. JANE M. BECKERING

---

| | |
|---|---|
| Dale R. Price (P55578)<br>dale.price@eeoc.gov<br>Senior Trial Attorney<br>Equal Employment Opportunity Commission<br>Detroit Field Office<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave., Room 865<br>Detroit, Michigan 48226<br>Telephone:    313.774.0028<br><br>Gwendolyn Young Reams<br>Acting General Counsel<br><br>Omar Weaver<br>Supervisory Trial Attorney<br><br>Kenneth L. Bird<br>Regional Attorney<br><br>*Attorneys for Plaintiff* | Jaclyn Rose Therese Giffen (P75316)<br>jgiffen@littler.com<br>Saniya Khare (P83020)<br>skhare@littler.com<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center<br>Suite 3110<br>Detroit, Michigan  48243<br>Telephone:    313.446.6400<br>Fax No.:    313.446.6405<br><br>*Attorneys for Defendant* |

---

# DEFENDANT'S ANSWER TO COMPLAINT
# AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Trinity Health-Michigan d/b/a Trinity Health Grand Rapids Hospital[1] ("Defendant" or "THGR") through its attorneys, Littler Mendelson, P.C., submits the following answer and affirmative and other defenses to Plaintiff Equal Employment Opportunity Commission's ("the Commission") Complaint and Jury Demand ("Complaint"), as follows.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religious discrimination and to provide appropriate relief to Christopher Simmons. As alleged with greater particularity in paragraphs 12 through 15 below, the Commission alleges that Defendant, Trinity Health-Michigan, doing business as Mercy Health St. Mary's, violated Title VII of the Civil Rights Act by failing to provide Simmons with an accommodation for his known religious beliefs and instead rescinded an offer of employment.

**ANSWER:** Defendant admits that the Commission purports to bring an action for alleged violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but denies that it violated any of these laws in the manner asserted in the Complaint or in any other manner.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(l) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:** Defendant admits that the Court has subject matter jurisdiction over the Commission's purported claims, but states that jurisdiction cannot be conferred by admission. Except as specifically admitted, Defendant denies the allegations of paragraph 1 of the Complaint.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan,

---

[1] Defendant Trinity Health-Michigan formerly operated under the name "Mercy Health St. Mary's Grand Rapids."

Southern Division.

**ANSWER:** Defendant admits that the Commission's Complaint purports to allege unlawful employment practices that were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division, but states that jurisdiction cannot be conferred by admission. Defendant denies that it violated any employment practices in the manner asserted in the Complaint or in any other manner. Except as specifically admitted, Defendant denies the allegations in paragraph 2 of the Complaint.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l), (3).

**ANSWER:** Paragraph 3 of the Complaint contains a legal conclusion. To the extent a response is required, Defendant admits that the Commission is authorized to bring this action but denies that it violated any law in the manner asserted in the Complaint or in any other manner.

4. At all relevant times, Defendant, Trinity Health-Michigan, doing business as Mercy Health St. Mary's ("Defendant Employer"), has continuously been doing business in the State of Michigan and the City of Grand Rapids and has continuously had at least 15 employees.

**ANSWER:** Defendant admits the allegations in paragraph 4 of the Complaint.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ANSWER:** Defendant admits the allegations in paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Christopher Simmons filed a charge with the Commission alleging violations of Title VII by Defendant

Employer.

**ANSWER:** Defendant admits the allegations in paragraph 6 of the Complaint.

7. On May 13, 2021, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:** Defendant admits the allegations in paragraph 7 of the Complaint as stated, but denies that it violated any law in the manner implied in the Letter of Determination, asserted in the Complaint, or in any other manner.

8. The Commission engaged in communication with Defendant Employer to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**ANSWER:** Defendant admits only that the Commission communicated with Defendant and that the parties engaged in conciliation efforts. Defendant denies that it engaged in any discriminatory practices whatsoever. Except as specifically admitted, Defendant denies the allegations of paragraph 8 of the Complaint.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the allegation in paragraph 9 of the Complaint regarding what was "acceptable" to the Commission and therefore denies the same. Defendant further states that the parties did not enter into a conciliation agreement.

10. On August 24, 2021, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** Defendant admits that on August 24, 2021, the Commission issued to Defendant

a notice of failure of conciliation, but denies the remaining allegations in paragraph 10 of the Complaint as stated. Defendant lacks knowledge or information sufficient to form a belief about the allegation in paragraph 10 of the Complaint regarding what was "acceptable" to the Commission and therefore denies the same.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** Paragraph 11 of the Complaint contains a legal conclusion. To the extent a response is required, Defendant admits the allegations in paragraph 11 of the Complaint.

## STATEMENT OF CLAIMS

12. In November 2019, Defendant Employer engaged in unlawful employment practices at its Grand Rapids, Michigan, facility in violation of Section 703(a)(l), 42 U.S.C. § 2000e-2(a)(l), by denying Christopher Simmons a religious exemption from its mandatory, flu-vaccine policy, which would have accommodated his religious beliefs.

**ANSWER:** Admitted in part; denied in part. Defendant admits that in November 2019, it did not grant Christopher Simmons a religious exemption from its Influenza Vaccination policy. The remaining allegations in paragraph 12 of the Complaint state legal conclusions. To the extent a response is required, Defendant denies those remaining allegations in paragraph 12 of the Complaint.

13. On or about October 28, 2019, Defendant offered Simmons a job as a business office coordinator which was contingent upon completing a pre-employment physical examination and taking a flu shot.

**ANSWER:** Admitted in part; denied in part. Defendant admits on or about October 28, 2019, Defendant made an offer of temporary employment as a Business Office Coordinator to Simmons to work on an as-needed basis. The offer letter made clear that the offer of temporary employment was subject to Simmons' compliance with Defendant's Influenza Vaccination policy, as well as other of Defendant's policies, procedures and expectations, and other terms and conditions set

forth in the offer letter. Defendant denies the remaining allegations in paragraph 13 of the Complaint, and specifically denies that the offer to Simmons was for anything other than a temporary assignment.

14. On or about November 7, 2019, Simmons was in the process of completing his pre-employment physical examination when he was informed he had to take a flu vaccine. He informed Defendant he was not willing to take the flu vaccine due to his religious beliefs and the examination was stopped. On or about November 14, 2019, Simmons submitted an application for a religious exemption from Defendant's mandatory, flu-vaccine policy. In his application, Simmons specified that he wanted a religious exemption from the vaccine and he gave information supporting his request.

**ANSWER:** Admitted in part; denied in part. Defendant admits that Simmons submitted an Application for Influenza Vaccination Exemption on or about November 14, 2019, seeking an exemption. Defendant further admits that Simmons provided a typewritten statement in support of his exemption request. Except as specifically admitted, the remaining allegations in paragraph 14 are denied.

15. An exemption from the flu-vaccine policy was available to accommodate Simmons. However, Defendant denied Simmons's application for such exemption because it determined that his religious beliefs, as articulated in his application, were insufficient. Defendant did not specify to Simmons how his application was deficient, or give him an opportunity to supplement his application to address any perceived deficiencies. Instead, Defendant informed him that his application had been denied and that he had to take the vaccine. When Simmons did not comply, on or about November 26, 2019, Defendant rescinded the job offer.

**ANSWER:** Defendant admits that, after a review of Simmons' exemption request, Defendant did not grant Simmons an exemption to the flu vaccine and that it advised Simmons of this on November 18, 2019. Defendant further admits that it rescinded its offer of a temporary assignment to Simmons on or about November 26, 2019, after it had not heard back from Simmons when he was again informed he would need to receive a flu shot unless a declination request was approved. Except as specifically admitted, the remaining allegations in paragraph 15 are denied.

16. The unlawful employment practices complained of in paragraphs 12 through 15 above were intentional.

**ANSWER:** The allegations in paragraph 16 of the Complaint, which reference the allegations in paragraphs 12 through 15 of the Complaint, state legal conclusions. To the extent a response is required, Defendant denies those allegations.

17. The unlawful employment practices complained of in paragraphs 12 through 15 above were done with reckless indifference to the federally protected rights of Simmons.

**ANSWER:** The allegations in paragraph 17 of the Complaint state legal conclusions. To the extent a response is required, Defendant denies those allegations.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from arbitrarily failing to grant a religious exemption to its mandatory, flu-vaccine policy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Christopher Simmons by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or instatement to an appropriate position.

D. Order Defendant Employer to make whole Christopher Simmons by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 15 above, including job search expenses and loss of benefits, in amounts to be determined at trial.

E. Order Defendant Employer to to make whole Christopher Simmons by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 through 15 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment

    of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Christopher Simmons punitive damages for its malicious and reckless conduct, as described in paragraphs 12 through 15 above, in amounts to be determined at trial.

  G. Grant such other relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

**ANSWER:** Defendant denies Plaintiff is entitled to any of the relief set forth in the above Prayer for Relief/Wherefore paragraph, including subparagraphs (A) through (H), of the Complaint.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**ANSWER:** No response is required to this paragraph. To the extent a response is required, Defendant does not object to Plaintiff's demand for a jury trial.

## GENERAL DENIAL

Defendant denies any allegation in Plaintiff's Complaint not expressly admitted. Defendant denies any allegation or inference that it violated Title VII or any other law regarding Plaintiff. Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and/or special defenses to the Commission's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action.

## FIRST DEFENSE

Some or all of the Commission's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

The Commission's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

The Commission's claims for damages are barred to the extent Simmons has failed to make reasonable efforts to mitigate his damages, if any. Insofar as the Commission seeks to recover relief (a) for alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge, or (b) for alleged incidents not listed in any charge the Commission may not recover any relief for such incidents.

## FOURTH DEFENSE

To the extent, if any, that Defendant is found to have violated the law with respect to the Commission's Complaint (which Defendant denies), said violation was not willful.

## FIFTH DEFENSE

The Commission's claims are barred, in whole or in part, because the alleged losses or harms sustained by Simmons, if any, resulted from causes other than any act or omission by Defendant.

## SIXTH DEFENSE

The Commission's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

## SEVENTH DEFENSE

Defendant relies on all other defenses afforded to it under the statutes identified in the Commission's Complaint.

**EIGTH DEFENSE**

Plaintiff cannot recover against Defendant to the extent that the damages alleged by Plaintiff are speculative or uncertain.

**NINTH DEFENSE**

All of the injuries and damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation.

**TENTH DEFENSE**

All of Defendant's actions were based on legitimate, non-discriminatory, non-retaliatory reasons, and were made in good faith in compliance with all applicable law.

**ELEVENTH DEFENSE**

The accommodation sought by Plaintiff would impose an undue hardship on Defendant.

**RESERVATION OF RIGHTS**

Defendant reserves the right to file, upon completion of its investigation and discovery, such amended answers and affirmative defenses as may be appropriate.

WHEREFORE, Defendant asks that the Commission's Complaint be dismissed in its entirety and that a judgment of no cause for action be entered in favor of Defendant together with its costs and attorneys' fees.

                                    */s/ Jaclyn Rose Therese Giffen*
                                    Jaclyn Rose Therese Giffen, (P75316)
                                    jgiffen@littler.com
                                    Saniya Khare (P83020)
                                    skhare@littler.com

                                    LITTLER MENDELSON, P.C.
                                    200 Renaissance Center
                                    Suite 3110
                                    Detroit, MI  48243
                                    Telephone:   313.446.6400
                                    Facsimile:    313.446.6405

                                    Attorneys for Defendant

Dated: May 30, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on May 30, 2023, via:

|   |   |   |   |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| __X__ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

                                    */s/ Jaclyn Rose Therese Giffen*
                                    Jaclyn Rose Therese Giffen