## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      Plaintiff                                   Hon. Jane M. Beckering

                                           Case No. 1:23–cv–435

**v.**

**TRINITY HEALTH-MICHIGAN**
**d/b/a MERCY HEALTH SAINT MARY'S,**

      Defendant.

## JOINT STATUS REPORT

## RULE 26(F) PROPOSED DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for June 27, 2023, before the Hon. Jane M. Beckering. On June 15, 2023, counsel for the parties conferred to prepare a Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f), which the parties submit as follows for the Court's consideration. Appearing for the parties as counsel at the Rule 16 Conference will be Dale Price for Plaintiff and Jaclyn Giffen for Defendant.

**1.**     **Jurisdiction:** This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345. There is federal question jurisdiction. Plaintiff, the Equal Employment Opportunity Commission, an agency of the United States, alleges that Defendant, Trinity Health-Michigan, violated Title VII of the Civil Rights Act of 1964, as amended.

**2.    Jury or Non-Jury:** The case is to be tried before a jury.


**3.    Judicial Availability:** The parties do not agree to have a Magistrate Judge conduct any and all further proceedings or order the entry of final judgment.


**4.    Statement of the Case:**

**Plaintiff**: On October 28, 2019, Defendant offered Christopher Simmons a job as a business office coordinator. This offer was contingent upon completing a pre-employment physical examination and taking a flu shot. On November 7, 2019, Simmons was in the process of completing his pre-employment physical examination when he was informed that he had to take a flu vaccine. When he informed Defendant that he was not willing to take the flu vaccine due to his religious beliefs, Defendant discontinued the examination. Simmons was informed that he could apply for an exemption.

On November 14, 2019, Simmons applied for a religious exemption from Defendant's mandatory, flu-vaccine policy. In his application, Simmons specified that he wanted a religious exemption from the vaccine and he gave information supporting his request, which included a statement of his belief in God's provision of natural nutrients to protect the body from bacteria and viruses.

A religious exemption from the flu-vaccine policy was available to accommodate Simmons. However, Defendant denied Simmons's application for such exemption because it determined that his religious beliefs, as articulated in his application, were insufficient. Defendant did not specify to Simmons how his application was deficient or give him an opportunity to supplement his application to address any perceived deficiencies.

Instead, Defendant informed him that his application had been denied and that he had to take the vaccine. When Simmons did not comply, Defendant rescinded the job offer on November 26, 2019. Simmons had no objection to wearing a mask and was willing to do so.

**Defendant**: Christopher Simmons applied for a temporary position at Defendant's hospital, formerly named Mercy Health St. Mary's, located in Grand Rapids, Michigan. On October 28, 2019, Defendant offered Simmons a temporary position of Business Office Coordinator, conditioned on Simmons agreeing to comply with Defendant's policies, including an annual Influenza vaccination. The position offered to Simmons was not a regular, permanent position; upon the completion of the temporary assignment, his employment would end. Defendant's Influenza Vaccination policy requires an annual Influenza vaccine to protect employees and vulnerable patients from spreading vaccine preventable diseases in the healthcare setting. Anyone wishing to decline the Influenza vaccine must submit an Application for Influenza Vaccination Exemption, along with any documentation in support of the Application. On November 14, 2019, Simmons submitted an Application for Influenza Vaccination Exemption. Along with the Application, he submitted a three-page letter explaining his own personal rationale for declining the flu shot.

The Influenza Declination Team, comprised of the Coordinator, Infection Prevention and Occupational Health, the Director of Infection Prevention and Control, the Director Mission Integration, and the Infection Preventionist, reviewed Simmons's Application and determined it did not meet the standard of a sincere and bona fide religious belief or outline how the Influenza vaccine would violate that belief.

On November 18, 2019, Defendant advised Simmons of the decision and that he would need to have an Influenza vaccine prior to the start of his temporary assignment. On November 20, 2019, Simmons responded that it was against his religious belief to have a flu shot. Defendant again advised Simmons that Defendant requires all colleagues to receive the flu shot unless a declination request is approved, and that his Application did not meet the standard set by Defendant's policy for approval. Simmons did not respond. On November 26, 2019, Defendant advised Simmons that since it did not hear back from him, it assumed he was no longer interested in the position and rescinded the job offer for the temporary position.

Simmons's religious discrimination claim has no merit because he did not offer evidence of a sincere and bona fide religious belief in his Application.

**5.    Prospects of Settlement:** The parties have not engaged in settlement negotiations since the filing of the Complaint. The parties participated in conciliation negotiations when this matter was pending at the charge stage with the EEOC. The parties are willing to engage in settlement negotiations.

**6.    Pendent State Claims:** This case does not include pendent state claims.

**7.    Joinder of Parties and Amendment to Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by July 25, 2023.

**8.    Disclosures and Exchanges:**

Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.

(a)    The parties propose the following schedule for Rule 26(a)(1) disclosures: initial disclosures under Rule 26(a)(1) are to be made on or before July 21, 2023.

(b)    The parties request the following expert disclosure deadlines:

a. The Plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) within 30 days after a summary judgment ruling. Defendant expects to be able to furnish the names of defendant's expert witness(es) within 30 days of receipt of plaintiff's expert witness list.

It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

The Plaintiff expects to be able to exchange its written expert witness report no later than 90 days before trial. Defendant

expects to be able to exchange its written expert report no later than 60 days before trial.

(d)    The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendant by July 21, 2023, copies of documents referenced in Initial Disclosures.

From Defendant to Plaintiff by July 21, 2023, copies of documents referenced in Initial Disclosures.

**9.    Discovery:** Discovery Plan: The parties have read the Court's guidelines on discovery and developed the following discovery plan:

(a)    Discovery will be needed on the following subjects: Christopher Simmons' religious beliefs; Defendant's pre-employment policies and procedures relating to its Influenza vaccination policy; communications between Simmons and Defendant; Defendant's pre-employment process for assessing requests for religious accommodation or exceptions to the Influenza vaccination policy; all other claims or allegations made in Plaintiff's Complaint; Defendant's Affirmative Defenses; and the nature and extent of Christopher Simmons' damages, including all mitigation efforts and interim earnings.

(c)    The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure. There is no need to conduct discovery in phases.

(c)    The parties agree that the presumptive limits for interrogatories and depositions will be sufficient for the purposes of the case.

(d)    Defendant anticipates filing a Fed. R. Civ. P. 16(c) protective order relating to confidential and/or private information for non-parties. Defendant will communicate with Plaintiff and first attempt to resolve any issues by agreement and shall only seek Court intervention in the event that they are unable to reach an agreement. Should such an order be entered, the parties agree to incorporate a Clawback agreement that will be governed by FRE 502 (d) and (e),

and language to specifically address information security protections for confidential information.

(e)    Time for Discovery: The parties agree upon and request seven (7) months of discovery. Discovery deadlines shall be governed by the Court's scheduling order. Counsel for the parties also recommend the following dates:

> Witness List Deadline: November 16, 2023;
>
> Discovery Close Date: January 30, 2024;
>
> Dispositive Motion Filing Deadline: February 29, 2024.

## 10.   Disclosure or Discovery of Electronically-Stored Information:

At this time, the parties do not anticipate any issues or disputes regarding the disclosure or discovery of electronically stored information ("ESI"). The parties expect that the requested ESI will likely be limited to data reasonably available to the parties in the ordinary course of business. ESI will be produced in a manner in which it can be easily reviewed and identified by the receiving party and the Court (generally, in a reasonably usable format, but not PDF when such would purge the documents of metadata. The parties further agree throughout the course of the case, to continue to meet and confer on electronic discovery issues, including the following issues, if warranted: a) production and review methodologies, including de-duplication techniques and procedures, key word methodologies to be used to locate, search, refine and produce ESI, and the manner in which the parties believe they can reasonably produce discoverable ESI from databases and similar data sources; b) the timing for the production of ESI, including the use of a "rolling production" methodology; iii) cost-limiting and/or allocation issues surrounding the preservation, harvesting, processing, review and production of ESI requested by a party to meet the proportionality mandates of Rules 26(b); and c) the need to preserve and search sources of ESI that any party identifies as not reasonably accessible pursuant to Rule 26(b)(2)(B), including the need for such information in the first instance and limiting or shifting costs should there be such a need.

**11.    Assertion of Claims of Privilege or Work-Product Immunity After Production**:    The parties agree that such claims shall be governed by Rule 26(b)(5).

**12.    Motions:**  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good–faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

Plaintiff does not contemplate filing a dispositive motion at this time.

Defendant anticipates filing a Motion for Summary Judgment after the close of discovery.

The parties anticipate that all dispositive motions will be filed by February 29, 2024.

**13.    Alternative Dispute Resolution:** Counsel for the parties are open to the possibility of resolving the matter by settlement conference or via an alternative dispute resolution form. This can be explored further as the case progresses. Both parties are open to voluntary facilitative mediation, with the proportional bearing of costs by all participants. The parties do not agree to participate in the State of Michigan's case evaluation program.

The Plaintiff has no preferred timeframe for participating in ADR.

Defendant is prepared to engage in ADR as soon as possible given the substantial process the parties made during conciliation negotiations. Defendant's preferred form of ADR is private mediation with an agreed upon mediator.

**14.    Length of Trial**: The parties estimate trial would last 4 to 5 days.

**15.    Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

**16.    Other Factors Relevant to the Case**: At this time, the parties do not believe that this case has any special characteristics that warrant extended discovery, accelerated disposition, etc.

LITTLER MENDELSON, P.C.

Attorneys for Defendant

Date: June 20, 2023              */s/ Jaclyn Rose Therese Giffen*
Jaclyn Rose Therese Giffen, (P75316)
jgiffen@littler.com
Saniya Khare (P83020)
skhare@littler.com
200 Renaissance Center
Suite 3110
Detroit, MI 48243
Telephone: 313.446.6400
Facsimile: 313.446.6405

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Attorney for Plaintiff

Date: June 20, 2023                    /s/ Dale Price
                                        Dale R. Price (P55578)
                                        Detroit Field Office
                                        Patrick V. McNamara Building
                                        477 Michigan Avenue, Room 865
                                        Detroit, MI 48226
                                        dale.price@eeoc.gov
                                        313.774.0028