IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Case No.: 1:23-CV-00435<br>HON. JANE M. BECKERING |
| **Plaintiff,**<br>vs. | |
| **TRINITY HEALTH-MICHIGAN, d/b/a MERCY HEALTH ST. MARY'S,** | |
| **Defendant.** | |

## CONSENT DECREE

The Equal Employment Opportunity Commission commenced this action on April 28, 2023 by filing a complaint, alleging that Defendant Trinity Health-Michigan, d/b/a Trinity Health Grand Rapids Hospital f/k/a Mercy Health Saint Mary's ("THGR")1, engaged in discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") when it denied Christopher Simmons' request for a religious exemption to its influenza vaccination policy and rescinded his

---

1 In this Consent Decree, "Trinity Health-Michigan," "THGR," and "Trinity Health Grand Rapids" refers to Trinity Health Grand Rapids Hospital f/k/a Mercy Health Saint Mary's, located at 200 Jefferson Ave. SE, Grand Rapids, Michigan 49503.

1

offer of employment.

The Parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Consent Decree and finds that it is reasonable and just and in accordance with Title VII, and that it shall be a final and binding settlement in full disposition of the claims arising out of the complaint filed by the Commission on behalf of Simmons.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree resolves the matters in controversy between the parties as provided in the paragraphs below.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED:

1. This Consent Decree resolves all issues and claims in the Complaint filed by the Commission in this action, which emanated from a Charge of Discrimination filed by Christopher Simmons.

2. This Decree, being entered into with the consent of the

parties, shall not constitute an adjudication or finding on the merits of the case.

    3.    THGR and its officers, and management-level employees with supervisory responsibility are enjoined from failing or refusing to hire applicants because of their sincerely held religious beliefs against taking the flu vaccine, unless accommodating is contrary to law or otherwise poses an undue hardship.

    4.    THGR and its officers, human resources professionals, labor/management relations specialists, management-level employees with supervisory responsibility, and successors are enjoined from denying applicants exemptions from the influenza inoculation requirement based on the applicant's sincerely held religious beliefs, unless accommodating is contrary to law or otherwise poses an undue hardship.

    5.    THGR and its officers, human resources professionals, labor/management relations specialists, management-level employees with supervisory responsibility, and successors are enjoined from retaliating against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an

investigation, proceeding or hearing in connection with this case under Title VII.

## MONETARY RELIEF

6. THGR shall pay monetary compensation to Christopher Simmons in the form of back pay in the gross amount of $11,348.62, subject to all applicable withholdings. THGR shall not deduct from the back pay amount the employer's share of any costs, taxes or social security required by law to be paid by the employer. An IRS Form W-2 shall be issued for the back pay check. THGR shall pay Simmons non-economic damages in the amount of $38,651.38. Non-economic damages will be issued in one check. THGR shall not deduct any amounts from the payment of non-economic damages. An IRS Form 1099 shall be issued for the non-economic damages check.

7. The payments to Simmons shall be mailed directly to his home address by certified mail within thirty (30) days after this Consent Decree has been entered by the Court. Within fourteen (14) days after mailing the payments, THGR shall send photocopies of the checks and certified mail receipts to Kenneth Bird, Regional Attorney, c/o Dale Price, Senior Trial Attorney, 477 Michigan Avenue, Room 865, Detroit, MI 48226. Copies of the checks shall also be e-mailed to monitoring-eeoc-

indo@eeoc.gov.

## IRC REDUCTION

8.      **Form 1098-F**. The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

      Name: Trinity Health-Michigan, d/b/a Trinity Health Grand Rapids Hospital (FEIN 38-2113393)

      Business Address: C/O Tax Department, 20555 Victor Parkway, Livonia, MI 48152

9.      **No Representation on IRC Deduction**. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

10.     **No Reliance on Representations Concerning Deduction**. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

## NOTICE POSTING

11. THGR shall post the Notice to Employees attached as Appendix A to this Decree, within 30 days of execution of this Decree, in a conspicuous place on its premises located at THGR. The Notice shall remain posted throughout the term of this Decree. If the Notice becomes defaced, marred, or otherwise unreadable, THGR shall post a readable copy of the Notice in the same manner as soon as practicable.

## TRAINING

12. Within ninety (90) days after the Court's entry of this Consent Decree, Defendant shall provide not less than one (1) hour of training on Title VII's religious discrimination and religious accommodation provisions to all of its current employees who work in human resources positions and the Senior Leadership Team at THGR. All employees will be paid their normal rate of pay and the training will occur during their normally scheduled workdays and work hours. The training may be done in person or via videoconference platforms such as Microsoft Teams or Zoom.

> (a) The training shall explain that discrimination on the basis of religion against applicants and employees violates Title VII of the Civil Rights Act of 1964, as amended; and it shall instruct what

conduct may constitute a violation of Title VII. The training shall also instruct what conduct may constitute retaliation under Title VII.

(b) The training shall be conducted by an experienced outside consultant or an attorney experienced in the practice of employment law. At least thirty (30) days before any training session occurs, the consultant/attorney selected shall send a copy of the training material, including the scheduled date, time and place of training, to the EEOC for review and approval. THGR may presume the training materials are approved unless contacted by the EEOC within fourteen (14) days before the training is scheduled to begin.

(c) The training shall be interactive, allowing time for questions and answers.

13. During the term of this Consent Decree, THGR shall, within twenty (20) days of the annual anniversary of the effective date of this Consent Decree, provide not less than one (1) hour of refresher training on religion-based discrimination to the employees identified in Paragraph 12 above in accordance with terms set forth in the same paragraph.

14. Within ten (10) business days after the completion of each required training session, THGR shall certify to EEOC, in writing, that the required training has taken place. Such certification shall include: (i) the date, location, and duration of the training; and (ii) a copy of the attendees which shall include the name and job title of each person in attendance. THGR shall mail the certification of training to the address above to Kenneth Bird, Regional Attorney, c/o Dale Price, Senior Trial Attorney, and e-mail the certifications to [monitoring-eeoc-indo@eeoc.gov](mailto:monitoring-eeoc-indo@eeoc.gov).

15. THGR shall allow the Commission to review compliance with this Decree. As part of such review, the Commission may examine and copy documents, during normal operating hours and upon reasonable advance notice but no less than 14 business days.

## **DURATION**

16. The term of this Decree shall be for three (3) years following the date of entry of this Decree.

## **JURISDICTION, DISPUTE RESOLUTION AND COMPLIANCE**

17. For the duration of this Consent Decree, the Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with this Decree, including issuing any orders the Court determines may be required to effectuate the purpose of this Decree.

Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court.

18. If THGR fails to comply with any provision of this Decree, it shall have fourteen (14) days to cure its non-compliance. In the event THGR does not comply with any provision of this Decree, and the Commission must petition the Court to order THGR to comply, and the Court finds THGR to be noncompliant, the Court may order THGR to pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

## **MISCELLANEOUS**

19. Except as provided in paragraph 18, each party shall bear its own costs and attorney's fees incurred as a result of this litigation.

20. If any provision(s) of this Decree is/are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

21. The terms of this Consent Decree are and shall be binding upon THGR and its successors.

22. For the duration of this Decree, prior to any acquisition, sale,

assignment or of THGR to a third-party, it shall provide advance written notice to any potential purchaser, successor, or assignee of this lawsuit, the allegations contained therein, and this Consent Decree. THGR shall also provide notice to the Commission within forty-five (45) days after the closing effective date of any such purchase, assignment, succession, or acquisition of THGR.

23. Only the Court may modify this Decree.

**IT IS SO ORDERED:**

January 17, 2024                /s/ Jane M. Beckering
Date                            Hon. Jane M. Beckering
                                United States District Judge

Agreed as to form:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | TRINITY HEALTH – MICHIGAN d/b/a TRINITY HEALTH GRAND RAPIDS |
|---|---|
| /s/  Dale R. Price | /s/ Jaclyn R. Giffen |
| Dale R. Price (P55578) (P75316) | Jaclyn R. Giffen |
| dale.price@eeoc.gov | jgiffen@littler.com |
| Senior Trial Attorney | LITTLER MENDELSON PC |
| Equal Employment Opportunity Commission *Defendant Attorneys for Plaintiff* | *Attorneys for* |

<u>APPENDIX A</u>

<u>**NOTICE TO EMPLOYEES**</u>

**Posted Pursuant to a <u>CONSENT DECREE</u> entered in <u>E.E.O.C. v. Trinity Health -- Michigan</u>, W.D. Mich. Case No 1:23-CV-00435, with the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Detroit Field Office**

<u>**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE**</u>

<u>NOTICE OF NON-DISCRIMINATION POLICY</u>

This Notice is being posted to inform you of your rights guaranteed under Title VII of the Civil Rights Act, <u>42 U.S.C. § 2000e</u> *et seq*. Title VII prohibits discrimination in the workplace based on race, color, religion, sex, or national origin. Title VII also requires an employer to provide reasonable religious accommodations to employees.

The U.S. Equal Employment Opportunity Commission ("EEOC") is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce the employment provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or harassment has the legal right to file a charge of discrimination with the EEOC. You may contact the EEOC at **800-669-4000**. You can find out more about the EEOC and the laws that it enforces by going to <u>http://www.eeoc.gov</u>.

EEOC charges no fees and has employees who speak languages other than English.

Trinity Health Grand Rapids Hospital supports and will comply with this federal law in all respects and will not take any action against any applicant or employee because they have exercised their rights under this law.

_____        _____

Date                                              Trinity Health Grand Rapids Hospital